

**FILED**

01/25/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 22-0328

IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 22-0328

FILED

JAN 2 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF MARIBETH HANSON,

An Attorney at Law,

ORDER

Respondent.

On June 21, 2022, a formal disciplinary complaint was filed against Montana attorney Maribeth Hanson. The Complaint may be reviewed by any interested person in the office of the Clerk of this Court. The record indicates Hanson's address is Spokane, Washington.

This matter arose after the Office of Disciplinary Counsel (ODC) received a grievance from Hanson's client Judith Ransom that alleged Ransom had paid Hanson a $3,000 retainer but that Hanson failed to adequately communicate with Ransom or take further action regarding Ransom's legal matter.

ODC sent Hanson two letters requesting that she respond to the grievance, but Hanson did not do so. ODC also attempted, unsuccessfully, to contact Hanson via e-mail. On June 14, 2021, ODC made contact with Hanson via telephone. Hanson verified her contact information and discussed ODC's previous attempts to contact her and obtain a response to the grievance. Per Hanson's request, ODC e-mailed her a copy of the grievance, requesting that Hanson respond by June 30, 2021. Hanson failed to do so, and the Commission on Practice (Commission) set a show cause hearing pursuant to Montana Rule for Lawyer Disciplinary Enforcement (MRLDE) 24 for October 27, 2021.

Hanson failed to appear at the show cause hearing or respond to the grievance. On November 9, 2021, this Court suspended Hanson from the practice of law for 30 days pursuant to MRLDE 24 for her failure to respond.

Hanson was personally served with the present Complaint on June 29, 2022. She failed to answer within the designated time, and she did not seek an extension of time or otherwise appear. On July 28, 2022, the Commission entered her default. It then sent her notice, pursuant to MRLDE 12(C)(2), that the allegations in the Complaint were deemed admitted due to her failure to respond within the prescribed time. The Commission further advised Hanson that a dispositional hearing would be held before an Adjudicatory Panel of the Commission on October 20, 2022. The hearing occurred as scheduled, but Hanson did not appear nor otherwise respond.

At the disciplinary hearing, Chief Disciplinary Counsel Pamela Bucy advised the Adjudicatory Panel that Hanson had not contacted ODC throughout the proceedings. Bucy requested that Hanson be suspended indefinitely and until such time as she petitions for reentry into the practice of law and addresses the complaints against her. Bucy further requested that Hanson be ordered to pay restitution to her client in the full amount of the $3,000 retainer and be assessed the costs of these proceedings.

On November 30, 2022, the Commission submitted to this Court its Findings of Fact, Conclusions of Law, and Recommendation for Discipline. The Commission concluded that Hanson was in default pursuant to MRLDE 12(2). The Commission deemed the allegations in the Complaint admitted under MRLDE 12(C)(1) since Hanson had failed to file an Answer to the Complaint. The Commission concluded that Hanson had violated M. R. Pro. Cond. 8.1(b) and MRLDE 8(A)(6). For this violation, the Commission recommends this Court suspend Hanson from the practice of law for a period of not less than seven months, order restitution to Ransom in the amount of $3,000, and impose the costs and expenses of ODC's investigation and the Commission's proceedings. The Commission reasoned that Hanson's failure to comply with her ethical obligations to her client and to the profession demonstrate contempt for the process and for her ethical obligations.

Hanson did not file an objection to the Commission's filing. To date, the record indicates that, except for one telephone conversation initiated by ODC, Hanson has never responded to ODC, the Commission, or this Court regarding this disciplinary matter.

This Court reviews de novo the Commission's findings of fact, conclusions of law, and recommendations. *In re Neuhardt*, 2014 MT 88, ¶ 16, 374 Mont. 379, 321 P.3d 833 (citation omitted). We have thoroughly reviewed the filings and we find no material errors in the Commission's findings. We further determine its conclusions of law are correct.

We therefore adopt the Commission's Findings of Fact and Conclusions of Law made by the Commission and hold that Hanson violated M. R. Pro. Cond. 8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority. We agree with the Commission that MRLDE 8(A)(6) provides additional grounds for discipline as Hanson has failed to promptly and fully respond to inquiries from ODC and the Commission.

As to the recommended discipline, we agree with the Commission's recommendation that Hanson's conduct warrants suspension. We share the Commission's concerns regarding Hanson's conduct, both for her failure to respond in this matter and for her failure to meet her ethical obligations to her client. Hanson's conduct is inconsistent with the competent and effective practice of law.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. The Commission's Findings of Fact, Conclusions of Law, and Recommendation for Discipline are ACCEPTED and ADOPTED.

2. Maribeth Hanson is hereby suspended from the practice of law in Montana for an indefinite period of not less than seven months, effective thirty days from the date of this Order. Hanson is directed to give notice of her suspension to all clients she represents in pending matters, any co-counsel in pending matters, all opposing counsel and self-represented opposing parties in pending matters, and all courts in which she appears as counsel of record in pending matters, as required by Rule 30 of the Montana Rules for Lawyer Disciplinary Enforcement.

3

3. Maribeth Hanson shall pay restitution to Judith Ransom in the amount of $3,000.

3. Maribeth Hanson shall pay the costs of these proceedings, subject to the provisions of Rule 9(C)(4)(a) of the Montana Rules for Lawyer Disciplinary Enforcement allowing her to file objections to the statement of costs.

The Clerk of this Court is directed to serve a copy of this Order of Discipline upon Maribeth Hanson, and to provide copies to grievant Judith Ransom; Disciplinary Counsel; the Office Administrator for the Commission on Practice; the Clerks of all the District Courts of the State of Montana; each District Judge in the State of Montana; the Clerk of the Federal District Court for the District of Montana; the Clerk of the Circuit Court of Appeals of the Ninth Circuit; and the Executive Director of the State Bar of Montana.

DATED this 24ᵗʰ day of January, 2023.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

4